### MILLER v. HOLMES.

*(Superior Court of New York City, General Term. July 5, 1892.)*

PLEADINGS—VARIANCE—SLANDER.

Where a complaint for slander alleged that defendant had said plaintiff robbed him of $400, and the evidence at the close of plaintiff's case warranted an inference only that defendant had said plaintiff robbed him of $1,200, plaintiff could amend so as to conform his pleadings to the proof; Code Civil Proc. § 539, providing that a variance between an allegation in a pleading and the proof is not material, unless it has actually misled the adverse party to his prejudice.

Appeal from jury term.

Action by Thomas F. Miller against Henry Holmes. Judgment for defendant. Plaintiff appeals. Reversed.

Argued before FREEDMAN and DUGRO, JJ.

*Maurice Meyer* and *A. C. Palmer*, for appellant.    *Wager & Acker*, for respondent.

DUGRO, J.    This is an appeal from a judgment dismissing a complaint in an action for slander.    In the complaint there is, among other things, an allegation that the defendant had said of the plaintiff that he had robbed him of $400.    At the close of the plaintiff's case the evidence did not warrant more than an inference that the defendant had said that the plaintiff had robbed him of $1,200.    Leave to amend his complaint so as to conform to the proof was denied plaintiff, and his complaint dismissed because of variance. This was error, for a variance between an allegation in a pleading and the proof is not material, unless it has actually misled the adverse party to his prejudice, etc.    Section 539, Code Civil Proc.    I think the law upon the subject, briefly stated, is: "Where the allegation and proof vary as to the words, it is enough if plaintiff proves that a distinct slanderous charge alleged, which is separable from any other unproven words alleged, was uttered in substantially the words alleged, it not appearing to have been materially qualified by other words not alleged."    Abb. Tr. Ev. p. 661.    The judgment should be reversed, and a new trial ordered, with costs to abide the event.